UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL BENITEZ OLIVA, | Case No.: 3:26-cv-493-CAB-BJW |
| Petitioner, | |
| v. | **ORDER GRANTING WRIT OF HABEAS CORPUS** |
| KRISTI NOEM, et al., | |
| Respondents. | [Doc. Nos. 1, 4] |

Before the Court is Petitioner Rafael Benitez Oliva's petition for a writ of habeas corpus, [Doc. No. 1 ("Petition")], and motion for a temporary restraining order, [Doc. No. 4 ("TRO")].  The parties filed briefings addressing the issues in this case.  [Doc. Nos. 7, 9.]  The Court finds this case appropriate for determination on the papers.  *See* S.D. Cal. CivLR 7.1(d)(1).  For the reasons below, the Court **GRANTS** the writ of habeas corpus and orders Respondents to immediately **RELEASE** Petitioner from custody under the same conditions as his previous order of release on recognizance.

## I.    BACKGROUND

Petitioner, a Cuban citizen, was paroled into the United States in 1986.  [Doc. No. 7 at 2.]  In 1990, he adjusted his status to that of lawful permanent resident.  [*Id.*]  Pursuant to a 2002 felony conviction, an immigration judge ordered Petitioner removed to Cuba in October 2006.  [*Id.*]  In 2008, Petitioner was placed on an order of supervision because

Immigration and Customs Enforcement ("ICE") could not obtain a travel document to Cuba. [Doc. No. 7-1 at 3–4.] Petitioner alleges that he has never violated the conditions of his order of supervision and has been reporting faithfully to ICE—claims which Respondents do not contest. [Petition at 3.] During a check-in appointment with ICE on December 11, 2025, Petitioner was re-detained without notice. [*Id.*] Petitioner has remained in ICE custody since then. [*Id.* at 4.]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that she is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

Petitioner argues that, *inter alia*, his re-detention violates ICE's own regulation of 8 C.F.R. § 241.13(i), which concerns revocation of release. [Petition at 8.] The regulation provides that an alien released under an order of supervision may be returned to custody if they violate any of the conditions of release or if, on account of changed circumstances, ICE determines that there is a significant likelihood that they may be removed in the reasonably foreseeable future. *See* 8 C.F.R. § 241.13(i). The regulation continues and states that upon revocation, the alien shall be notified of reasons for the revocation of release. *Id.* Petitioner argues that ICE did not revoke his release on a legitimate basis, i.e. changed circumstances or a conditions violation, as regulatorily required. [Petition at 9.] The Court agrees.

"Government agencies are required to follow their own regulations. Courts have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered." *Rokhfirooz v. Larose*, 804 F.Supp.3d 1095, 1099 (S.D. Cal 2025) (internal citations omitted). Petitioner was

placed on an order of supervision in 2008 then re-detained in 2025, thus 8 C.F.R. § 241.13(i) applies. Respondents state that Petitioner was provided with written notice of revocation of release on the day he was re-detained. [Doc. No. 7 at 2.] That notice, however, did not state that Petitioner violated a condition of his release nor that circumstances had changed such that ICE had determined that Petitioner's removal was significantly likely in the reasonably foreseeable future. [*See* Doc. No. 7-2 at 2.] The notice's stated reason for the revocation was merely that it was "appropriate to enforce [Petitioner's] removal[.]" [*Id.*]

Nor do Respondents provide anything in their response to the Petition that shows Petitioner violated any of his conditions or that ICE determined that there is a significant likelihood of removal in the reasonably foreseeable future. Respondents only note that "ICE *may* identify alternative third countries that *may* be willing to accept Petitioner for removal." [Doc. No. 7 at 3 (emphasis added).] This is wholly insufficient to meet ICE's own regulation. Indeed, courts have found agency efforts that were *more* concrete than what Respondents offer to be insufficient. *See Sun v. Noem*, Case No. 3:25-cv-2433-CAB-MMP, 2025 WL 2800037, at *2 (S.D. Cal. Sept. 30, 2025) (finding respondents' contention that they were going to send a travel document to the removal country's embassy did not satisfy 8 C.F.R. § 241.13(i)(2)); *see also Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("The fact that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future."); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *4 (D. Mass. June 20, 2025) (finding insufficient the government's assertions that they are processing a travel document because they "have not identified what concrete steps ICE has taken to process" the document nor whether the request was submitted to the removal country); *Roble v. Bondi*, 803 F. Supp. 3d 766, 773 (D. Minn. 2025) (finding insufficient the government's assertion that ICE "requested third country removal assistance from [Enforcement and Removal Operations] HQ" (alteration in original)).

3:26-cv-493-CAB-BJW

Accordingly, as Petitioner has demonstrated that the Government has failed to follow 8 C.F.R. § 241.13(i), the Court finds Petitioner's detention to be unlawful.[1]  *See Rokhfirooz*, 804 F.Supp.3d at 1099 (S.D. Cal 2025).  The Court need not and does not analyze Petitioner's remaining theories.  *See Ozkay v. Equity Wave Lending, Inc.*, Case No. 20-CV-8263-JST, 2020 WL 12764953, at *2 (N.D. Cal. Nov. 25, 2020).

## I.    CONCLUSION

The Court **GRANTS** the writ of habeas corpus and orders Respondents to immediately **RELEASE** Petitioner from custody under the same conditions as his previous order of supervision.  Respondents are further **ENJOINED** from re-detaining Petitioner without notice and a pre-detention hearing before a neutral decisionmaker.  The motion for TRO is **DENIED as moot**.

It is **SO ORDERED**.

Dated:  February 18, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Respondents argue that even if they did not comply with regulations, Petitioner has not established prejudice or a constitutional violation.  [Doc. No. 7 at 5–6.]  The Court rejects this argument and finds Petitioner was prejudiced given that he was unlawfully detained.  *See, e.g. Hernandez v. Sessions*, 872 F.3d 976, 995, 1000 (9th Cir. 2017) (holding that "[u]nlawful detention" by immigration officials constituted "irreparable harm").